THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE HUDSON, Appellant.

First Department, December 6, 1984

**APPEARANCES OF COUNSEL**

*Eileen A. Beckett* of counsel (*William E. Hellerstein,* attorney), for appellant.

*Debra S. Reiser* of counsel (*Billie Manning* with her on the brief; *Mario Merola, District Attorney,* attorney), for respondent.

**OPINION OF THE COURT**

CARRO, J.

In reviewing the record we find a number of errors which, in cumulative effect, deprived appellant of his due process right to a fair trial. While individually considered, each error might not rise to the level of a constitutional violation requiring reversal, taken together and in light of the equivocal evidence of guilt, we feel constrained to so conclude.

Our most serious concern is with those errors in judgment and comportment of the Assistant District Attorney (ADA). In this rape trial (as in most) credibility was the issue, with both the victim and defendant testifying. The police testimony of what occurred when they discovered the two in an abandoned building was, in some respects, as supportive of defendant's version, asserting "consent", as of the victim's story. It was therefore

highly prejudicial for the prosecution, in cross-examining defendant, to ask some 20 questions in a manner intended to elicit an opinion from defendant that the officers were lying about certain details.

Secondly, the prosecutor exceeded the bounds of appropriate cross-examination with both of defendant's character witnesses. When questioning defendant's employer the ADA asked:

"Q: You would trust him with your money?

"A: Yes.

"Q: And he worked for you?

"A: Yes, the company money.

"Q: Would you trust him with your daughter?

"[Defense counsel] Objection.

"THE COURT: Sustained."

The second character witness, who had known appellant for five years, was asked:

"Q: He [defendant] has a good reputation?

"A: Very good.

"Q: Good for what?

"[Defense counsel]: Objection to the form of that question.

"THE COURT: overruled."

And later:

"Q: Now, you said that he doesn't steal. Do you think that if he did steal he would tell you about it?

"[Defense counsel] Objection.

"THE COURT: Objection sustained. Anything else?

"Q: You mentioned that he told you that he didn't steal. Did he ever tell you anything about rape?

"[Defense counsel] Objection.

"THE COURT: Sustained."

Lastly, in his summation the prosecutor continually harped upon the theme that though defendant accused the officers of lying, they had no motive to lie, but defendant did. ("I think we all know he lied, he is the one on trial and he comes up with the story that everybody is lying * * * Who lied? You heard two different stories, who lied? * * * The officers have no reason to lie, no reason to fabricate it but according to defendant, the officers did not tell the truth at all.")

In addition to all of these egregious improprieties, we must point out the inadequacy of the court's response to the jury's

note, which read: "Your Honor, there are two jurors who felt that the evidence presented is insufficient and they have made it perfectly clear that there is no way to sway them and there cannot be a unanimous decision." The court reacted by admonishing the jury as to the great trouble and expense to the State and taxpayers of concluding the trial without a verdict and retrying defendant. The court noted "that there are two jurors who cannot be swayed, I don't know which two of you that may refer to, I am going to direct the captain now to call a bus and take you to the hotel."

As we stated in *People v Ali* (65 AD2d 513, 514, affd 47 NY2d 920) "An *Allen* charge (see *Allen v United States,* 164 US 492) is proper if it assists the jury in its deliberations by stressing the importance of reaching a verdict without forcing any juror to yield a conscientious belief. (*United States v Robinson,* 560 F2d 507, 517.)" (Cf. *People v Martino,* 56 AD2d 799, 800 [improper to respond to jury deadlock with speech on costs to State and insist they reach a verdict]; *People v Graham,* 48 AD2d 646 [*Allen* charge approved in New York if not "coercive"].)

As already mentioned, the sum of all the above errors denied a fair trial to appellant. Accordingly, the judgment rendered September 8, 1982 in Supreme Court, Bronx County (Joseph Di-Fede, J., at jury trial and sentence) convicting defendant of rape in the first degree, is unanimously reversed, on the law and the facts and in the exercise of discretion, and a new trial is ordered.

MURPHY, P. J., LYNCH, MILONAS and ALEXANDER, JJ., concur.

Judgment, Supreme Court, Bronx County, rendered on September 8, 1982, unanimously reversed, on the law and the facts and in the exercise of discretion, and a new trial is ordered.