■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE GLOVER, Appellant. THE PEOPLE OF THE STATE OF NEW

York, Respondent, v Harold Thomas, Appellant.—Judgment, Supreme Court, New York County (Clifford A. Scott, J.), rendered November 23, 1988, convicting defendant George Glover, after a jury trial, of robbery in the first and second degrees and sentencing him to concurrent terms of 8⅓ to 25 years' and 5 to 15 years' imprisonment, respectively, unanimously affirmed.

Judgment, same court and Judge, rendered December 19, 1988, convicting defendant Harold Thomas, after a jury trial, of robbery in the second degree and sentencing him to 5 to 15 years' imprisonment, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5)..

Despite some confusion in the testimony of the arresting officer, the evidence at the joint trial clearly shows Glover was the principal actor in this knifepoint subway robbery, and that Thomas intentionally participated as an accomplice. The fact that Thomas' defense was that he was merely an innocent bystander, whereas Glover's defense was that he was mistakenly identified and not even present at the scene, did not raise an irreconcilable conflict warranting severance (cf., People v Mahboubian, 74 NY2d 174).

It was not error to substitute an alternate for a juror who called in sick on the first morning of trial, especially in light of the fact that one of the key prosecution witnesses would be unavailable after the first day (see generally, People v Page, 72 NY2d 69). The prosecutor's characterization of Thomas' defense that he was merely a spectator to this crime as "absurd" and "ridiculous" was permissible rhetoric which could not have inflamed the jury or encouraged it to substitute passion for evidence (see, People v Jones, 162 AD2d 204).

We find no defect in the court's instructions to the jury on accessorial liability. The jury was correctly advised of the necessity of finding that Thomas had intentionally aided Glover, before the former could be convicted as an accomplice. Further, direct evidence as to Thomas' active participation, to wit, holding the subway door open while checking the platform outside, consulting with Glover immediately before the latter pulled a razor on the victim they had been harassing, and exchanging "high fives" with Glover as the two left the train together after commission of the crime, negated the possibility of "otherwise innocent behavior" which would warrant a circumstantial evidence charge (cf., People v Cleague, 22 NY2d 363).

While we do not approve of an *Allen* charge that reminds a jury of the time and expense involved in trying (and possibly retrying) a case, the jurors here were not coerced, since the Trial Judge took pains to neutralize any possible coercive effect by charging them not to relinquish conscientiously held opinions or positions *(see, People v Mack,* 156 AD2d 158, *lv denied* 75 NY2d 870). Finally, the fact that the jury deliberated for four more hours, after the *Allen* charge, before returning its verdict, is yet another indication of lack of coercion *(People v Mack, supra).*

The sentences for these violent crimes were appropriate. Concur—Kupferman, J. P., Ellerin, Wallach, Smith and Rubin, JJ.