■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COOK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered May 30, 1989, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

The complainant and her companion were robbed at gunpoint on a Brooklyn street while walking home at approximately 9:00 P.M., on January 23, 1988. The defendant was subsequently arrested and charged with robbery in the first degree when the complainant identified him at a police lineup. The complainant's companion was unable to identify the defendant at the same lineup. At the trial, the complainant confirmed her identification of the defendant as the perpetrator of the crime. The defendant's wife testified in his behalf, and stated that he was at home with her and the rest of his family at the time of the robbery.

The trial court delivered a lengthy charge in which it instructed the jurors on the importance of harmonizing their views and avoiding emotions. In the midst of this charge, the court stated: "And when you examine it logically, if you were 12 computers, you'd all reach the same results because you all have the same knowledge of the case. None of you knows anything about the case more than the others. If you have 12 computers and they're all identically programmed and you push the verdict button, the verdict will be guilty."

A Trial Judge may not " 'attempt to coerce or compel the jury to agree upon a particular verdict, or any verdict' " *(People v Pagan,* 45 NY2d 725, 726, quoting *People v Faber,* 199 NY 256, 259; *see also, People v Page,* 47 NY2d 968, 970, *cert denied* 444 US 936). It is improper for a Trial Judge to "prod jurors through prejudicial innuendoes or coerce them with untoward pressure" to reach a verdict or a particular result *(People v Pagan, supra,* at 727; *People v Carter,* 40 NY2d 933, 934).

Under the circumstances of this one-witness identification

case, where the jury was only able to reach a verdict after two days of deliberations and numerous readbacks of testimony, we find that the court's computer analogy and corresponding statement that "the verdict will be guilty" may have had a significant coercive effect on the jury. Moreover, we note that both this court and the Court of Appeals have previously expressed dissatisfaction with lengthy predeliberation charges of the type given by this trial court *(see, People v McGee,* 76 NY2d 764; *People v Speights,* 151 AD2d 793).

In addition, during its identification charge, the trial court posed a hypothetical situation to the jurors where an eyewitness was able to identify a stranger after making eye contact with him and remembering the song "Some Enchanted Evening" from the musical "South Pacific". We find that this hypothetical situation was diversionary, potentially coercive, and minimized the seriousness of the task which the jurors were called upon to perform *(see, People v Lane,* 143 AD2d 581; *People v Hodge,* 141 AD2d 843; *People v Davis,* 73 AD2d 693). Jury instructions in the trial of a criminal offense are not the place for judicial innovation *(see, People v Owens,* 69 NY2d 585, 589).

Although these errors are unpreserved for appellate review, we find their combined effect so egregious as to have deprived the defendant of a fair trial. We therefore reverse the defendant's conviction, and order a new trial in the interest of justice. Harwood, J. P., Lawrence, Eiber and Balletta, JJ., concur.