■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JOHNSON, Appellant. [598 NYS2d 39] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered June 6, 1991, convicting him of sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

We agree with the defendant's contention that the court's *Allen* charge *(Allen v United States,* 164 US 492) was coercive

and accordingly, we reverse and grant him a new trial. The court submitted two counts of sodomy in the first degree to the jury. After deliberating for less than a day, the jury advised the court that it was having difficulty reaching a unanimous verdict. The court then delivered an *Allen* charge which focused on the expense of picking a new jury and retrying the case and on the "trauma and emotional difficulties that a new trial could bring, both to the defendant and to the witnesses". In response to an inquiry from the foreperson, the court repeated that the case would have to be retried if the jury could not reach a unanimous verdict and that it is a "very large production" to try a case again. At the conclusion of its colloquy with the foreperson, the court suggested that "if by chance you are able to bring in a verdict on one count and not on the other, that would also be all right". The defense counsel objected to the *Allen* charge and to the court's subsequent colloquy with the foreperson on the ground that it was coercive. The jury ultimately found the defendant guilty of one count of sodomy in the first degree and acquitted him of the other sodomy count.

Although it was proper for the court to ask the jury to make another effort to reach a verdict *(see, People v Pagan,* 45 NY2d 725), it failed to deliver a balanced instruction stressing the jurors' duty to impartially consider the evidence and to try to reach an agreement without surrendering their individual views *(see,* 1 CJI[NY] 42.60, at 1019; *see also, People v Ali,* 47 NY2d 920, *affg* 65 AD2d 513). It was inappropriate to emphasize the expense of a retrial *(see, e.g., People v Huarotte,* 134 AD2d 166; *People v Hudson,* 104 AD2d 157; *People v Demery,* 60 AD2d 606). While the court advised the jurors that it was "not directing anyone to give up a consciously *[sic]* held view", we find that this single admonition was insufficient to neutralize the overall coercive effect of the charge *(cf., People v Glover,* 165 AD2d 761; *People v Mack,* 156 AD2d 158).

The defendant's contention that the indictment should be dismissed because the verdict was against the weight of the evidence is without merit. In view of our determination that the defendant is entitled to a new trial, we do not reach his remaining contention with respect to the sentence imposed. Lawrence, J. P., Eiber, O'Brien and Ritter, JJ., concur.