■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND GRAY, Appellant. [612 NYS2d 941] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered February 11, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the testimony of the arresting officer bolstered the undercover officer's identification testimony is unpreserved for appellate review (see, People v West, 56 NY2d 662; People v Chisolm, 174 AD2d 629). In any event, the defendant's claim is without merit. The arresting officer testified that after he was given a description of the seller, he went to the scene of the crime, spotted an individual who matched the description, and arrested the defendant. This testimony was a necessary explanation of the events which resulted in the defendant's arrest (see, People v Glover, 191 AD2d 582; People v Byrd, 187 AD2d 724). Moreover, the arresting officer's testimony that he observed the undercover officer drive by the crime scene after the arrest did not constitute improper bolstering (see, People v Velez, 189 AD2d 572; People v Gonzalez, 172 AD2d 276). Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.