■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYANT DELAREMORE, Appellant. [623 NYS2d 279] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 22, 1991, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

We agree with the defendant's contention that the court's Allen charge (see, Allen v United States, 164 US 492) was coercive. After deliberating for two days, the jury advised the court that "one of the jurors has decided not to deliberate any further and we are at a deadlock". The court then delivered an Allen charge which focused on the "trauma and the emotional difficulties for * * * the defendant * * * and for the witnesses if we have to go through all of this again and also because of the expense and the time involved to the State and

to the court system". Defense counsel objected to the *Allen* charge on the ground that it was coercive.

While it was proper for the trial court to ask the jury to make another effort to reach a verdict *(see, People v Pagan,* 45 NY2d 725), it failed to deliver a balanced instruction stressing the jurors' duty to impartially consider the evidence and try to reach an agreement without surrendering their individual views *(see, People v Ali,* 47 NY2d 920; *see also, People v Johnson,* 193 AD2d 695). It was inappropriate to emphasize the expense of a retrial *(see, People v Johnson, supra).* It was additionally inappropriate to emphasize the "trauma" the defendant and the witnesses would suffer from a retrial. While the court advised the jurors that it was "not directing anyone to give up a conscientiously held view", this single admonition was insufficient to neutralize the overall coercive effect of the charge.

In view of our determination that the defendant is entitled to a new trial, we do not reach his remaining contentions. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.