■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY SIMS, Appellant. [641 NYS2d 336] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered July 20, 1993, convicting him of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that evidence of uncharged drug sales by himself and others who lived at his residence was improperly admitted at trial. At trial, defense counsel opened the door to this evidence by attempting to demonstrate that the defendant was a victim of misidentification (*see,* Prince, Richardson on Evidence § 6-303 [Farrell 11th ed]). Having informed the court that evidence of the extensive drug activities at the defendant's residence was central to his case, the defendant cannot now contend that introduction of this evidence was improper.

The trial court properly granted the prosecutor's request for

a missing-witness charge because the defendant's prospective alibi witness was both available to the defendant and within his control (*see, People v Gonzalez,* 68 NY2d 424, 428-430). The defendant's contention that the testimony of the prospective alibi witness would have been merely cumulative was not raised in the trial court and cannot be raised for the first time on appeal (*see, People v Gonzalez, supra,* at 430). Contrary to the defendant's contention, it is the party opposing the request for a missing-witness charge who bears the burden of demonstrating that the prospective witness's testimony would be cumulative to testimony already in evidence (*see, People v Gonzalez, supra,* at 428; *People v Roberts,* 201 AD2d 748).

The trial court exhibited no coercion or untoward pressure by failing to order a mistrial despite three messages from the jury that it was deadlocked. In its *Allen* charge (*see, Allen v United States,* 164 US 492), the court twice noted that the jurors were to independently decide the case for themselves and that they "should never surrender [their] honest [convictions] as to the weight or effect of the evidence * * * merely to return a verdict." In short, the *Allen* charge was clearly encouraging rather than coercive (*see, People v Kinard,* 215 AD2d 591; *see also, People v Cook,* 176 AD2d 341; *People v Austin,* 168 AD2d 502; *People v Glover,* 165 AD2d 761). This fact, as well as the positive tenor of the jury's subsequent communication to the court and the fact that the jury reached its verdict approximately $5^{1}/_{2}$ hours after the court delivered its *Allen* charge (*see, People v Diaz,* 197 AD2d 379; *People v Glover, supra*), leads us to conclude that the verdict was not a product of coercion.

We have examined the defendant's contention that his sentence is excessive and find it to be without merit. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.