■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL CORTEZ, Appellant. [661 NYS2d 980] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered June 12, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the trial court's second and third Allen charges (*see, Allen v United States*, 164 US 492) were coercive. This claim is unpreserved for appellate review since the defendant never objected to the court's charges as given (*see*, CPL 470.05 [2]; *People v Marero*, 208 AD2d 769). In any event, the court's *Allen* charges were balanced and not coercive (*see, People v Pagan*, 45 NY2d 725; *People v Sims*, 226 AD2d 564; *People v Fluery*, 177 AD2d 504).

The defendant further contends that the court pressured the jurors into reaching a verdict by forcing them to continue their deliberations until they reached agreement. This claim lacks merit. The determination as to how long jurors in disagreement will be kept together and required to continue deliberations is a matter of sound judicial discretion which, if not improvidently exercised, will not be disturbed (*see, People v Johnson*, 224 AD2d 635). In the present case, the record indicates that the court did not improvidently exercise its discretion (*see, People v Adams*, 123 AD2d 355).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80).

We have considered the defendant's remaining contention and find it to be without merit. O'Brien, J. P., Sullivan, Goldstein and Luciano, JJ., concur.