◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC COWEN, Appellant. [672 NYS2d 138] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rutledge, J.), rendered December 5, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court's *Allen* charge (*Allen v United States,* 164 US 492) was coercive is not preserved for appellate review since he did not raise a specific objection on that ground before the trial court (*see, People v Ramkisson,* 245 AD2d 393). In any event, read as a whole, the court's *Allen* charge properly attempted to encourage the jury to continue its deliberations to reach a unanimous verdict (*see, People v Ford,* 78 NY2d 878). A proper *Allen* charge must not attempt to persuade jurors to abandon their beliefs or convictions, must not attempt to coerce dissenting jurors to reach a particular verdict, and must not attempt to shame the jury into reaching any verdict (*see, People v Perdomo,* 204 AD2d 358). Although the court improvidently made reference to the costs incurred by the parties in prosecuting the first trial and asked the jury to try to reach a verdict so as to avoid the need for "another jury * * * to do the same thing all over again" (*see, People v Delaremore,* 212 AD2d 804; *People v Johnson,* 193 AD2d 695), the court repeatedly emphasized that the jurors should not "surrender [their] conscientious convictions of what the truth is" and should not be pressured into reaching a verdict that was not their own (*see, People v Glover,* 165 AD2d 761, 763; *People v Mack,* 156 AD2d 158). While the court's reference to the costs was unfortunate and better left unsaid, on balance we find that the *Allen* charge was not coercive. Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.