■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON SMALLS, Appellant. [739 NYS2d 630] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered August 3, 2000, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly

interfered in his examination of witnesses and expressed hostility toward his counsel is unpreserved for appellate review (*see People v Charleston,* 56 NY2d 886; *People v Fauntleroy,* 258 AD2d 664). In any event, the trial court's intervention was appropriate and did not deprive the defendant of a fair trial. It appropriately clarified the issues and precluded unnecessarily repetitive examination (*see People v Moulton,* 43 NY2d 944; *People v Harrison,* 151 AD2d 778).

The defendant's contention that the trial court erroneously admitted hearsay testimony which improperly bolstered the undercover officer's identification testimony is also unpreserved for appellate review (*see People v West,* 56 NY2d 662; *People v Thompson,* 203 AD2d 497). In any event, the challenged testimony did not constitute impermissible bolstering because it was offered for the relevant, nonhearsay purpose of establishing the reasons behind the officer's actions, and explaining the events which precipitated the defendant's arrest (*see People v Gray,* 203 AD2d 587).

The defendant's claim that he was improperly adjudicated a second felony offender is also unpreserved for appellate review (*see People v Smith,* 73 NY2d 961; *People v Hamilton,* 205 AD2d 706). In any event, his felony conviction for criminal possession with intent to distribute cocaine under Virginia Code § 18.2-248 (A) is analogous to criminal possession of a controlled substance in the third degree under New York Penal Law § 220.16 (1) (*see People v Lewis,* 250 AD2d 479).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80). Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.