■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL GOMEZ, Appellant. [764 NYS2d 109] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered September 29, 2000, convicting him of robbery in the first degree (four counts), robbery in the second degree (four counts), burglary in the first degree, and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's contention that the evidence was legally insufficient to prove his identity as the perpetrator is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Washington,* 305 AD2d 433 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that the court's charge on identification was inadequate is without merit. Although desirable, a detailed charge on the issue of identification is not required as a matter of law (*see People v Knight,* 87 NY2d 873 [1995]; *People v Whalen,* 59 NY2d 273 [1983]). Where, as here, "[a] Judge who gives a general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law" (*People v Whalen, supra* at 279).

The defendant's contention that the trial court erred in

replacing juror number seven with an alternate juror without his written consent is without merit. Based on the resettled record, the jury had not yet begun to deliberate (*see* CPL 270.35 [1]). However, the defendant's conviction must be reversed, and a new trial ordered, because the trial court replaced juror number four after deliberations had commenced, with an alternate juror who had previously been discharged from jury service. CPL 270.35 (1) directs the court to declare a mistrial when a juror is discharged during deliberations and an alternate juror is unavailable as a replacement. Accordingly, the trial court erred in failing to declare a mistrial. Prudenti, P.J., Townes, Mastro and Rivera, JJ., concur.