■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NARENDRA JODHAN, Appellant. [831 NYS2d 53]—

Judgment, Supreme Court, Bronx County (John A. Barone, J.), rendered June 2, 2003, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree and assault in the second degree, and sentencing him to concurrent terms of 20 years, 20 years and 5 years, respectively, unanimously modified, as a matter of discretion in the interest of

justice, to reduce the sentences on the convictions of rape in the first degree and sodomy in the first degree to 15 years each, and otherwise affirmed.

Any arguable imbalance in the trial court's initial *Allen* charge (*Allen v United States*, 164 US 492, 501 [1896]) was cured when the court supplemented that charge with an additional instruction (*see People v Agrelo-Travieso*, 257 AD2d 514, 515 [1999], *lv denied* 93 NY2d 870 [1999]), which clearly stated the principle that jurors should not surrender their conscientiously held positions (*see People v Cowen*, 249 AD2d 560 [1998], *lv denied* 92 NY2d 895 [1998]), and which prompted no further objection from defendant.

Defendant's claim that he was deprived of a fair trial by alleged prosecutorial misconduct in cross-examination and summation is unpreserved and we decline to review it in the interest of justice. Defendant did not request any further relief after the court sustained his objections or took other curative actions (*see People v Medina*, 53 NY2d 951 [1981]). Were we to review this claim, we would find no basis for reversal. We stress, however, that the prosecutor's conduct at trial left much to be desired. In addition to making inappropriate comments and posing argumentative questions during cross-examination of defendant, including purported questions that actually served only to give the jury a preview of her summation, the prosecutor made two arguments that were manifestly improper. First, although the victim had given no testimony bearing on whether she had seen a scar on defendant's arm, the prosecutor noted that defense counsel had not asked the victim about the scar and then gave her own, unsworn testimony on the subject. Counsel had not asked, the prosecutor explained, "[b]ecause her answer would have been he always had it there." Second, addressing the element of forcible compulsion, the prosecutor blatantly vouched for the strength of her case by stating as follows: "I don't know that I've ever said so strongly on another summation that this medical evidence taken together, there is no reasonable view of it that would lead you to the conclusion that that was just merely the consequence of consensual sex." Given the overwhelming evidence of guilt, we are persuaded that these grossly improper comments played no role in the jury's verdict.

Defendant's sentence was excessive to the extent indicated. Concur—Gonzalez, J.P., Sweeny, McGuire, Malone and Kavanagh, JJ.