■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DION JOHN, Appellant. [832 NYS2d 238]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 30, 2005, convicting him of attempted robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the matter is remitted to the Supreme Court, Queens County, for a de novo suppression hearing and a report thereafter, on those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony, and the appeal is held in abeyance in the interim; the Supreme Court shall file its report with all convenient speed.

A pretrial suppression hearing was held to determine the legality of the defendant's showup identification by Police Officer Christopher Forino, the defendant's subsequent arrest, and the recovery of the defendant's ski mask. At the hearing, Officer Forino testified that he discovered the ski mask the defendant allegedly wore while attempting to commit a gunpoint robbery of the complainant only after the complainant identified the defendant, and after the defendant had been placed under arrest. At trial, the complainant testified that Officer Forino had shown her the ski mask prior to her identification of the defendant. After this testimony was elicited, the defendant moved to reopen the suppression hearing pursuant to CPL 710.40 (4). The trial judge instructed the defense counsel to

make an application to the hearing court. After the defendant's motion to reopen the hearing was denied by the hearing court on the ground that it was a trial issue, the trial judge denied the motion, ruling that the decision of the hearing court was "the law of the case," and that "as a Judge of equal jurisdiction," he was bound by that determination. This determination constituted error.

Initially, the trial judge erred in concluding that he did not have the discretion to reopen the suppression hearing conducted by another judge because that determination was the "law of the case." A trial judge has the discretion to reopen a hearing conducted by another judge (*see People v Figliolo*, 207 AD2d 679, 681 [1994]). Further, the law of the case doctrine was not applicable to the issue presented here because the hearing court never rendered a determination on the merits of the application to reopen the hearing, but merely concluded that it was a trial issue to be decided by the trial judge (*see People v Bilsky*, 95 NY2d 172, 175 [2000]; *cf. People v Guin*, 243 AD2d 649 [1997]).

A trial court has the discretion to reopen a suppression hearing if the defendant proffers new facts, which were not discoverable with reasonable diligence before the determination of the motion and which are pertinent to the suppression issue (*see* CPL 710.40 [4]). Here, the defendant met his burden by proffering new facts which could not have been discovered with reasonable diligence before the determination of the suppression motion, and which were pertinent to the suppression issue, in that they may well have affected the hearing court's ultimate determination of probable cause (*see People v Velez*, 39 AD3d 38 [2007]). The testimony of the complainant directly implicated the hearing court's finding of probable cause, and raised more than a question of credibility (*id.*). Further, even though the defendant could be presumed to know the chronology of the officer's conduct prior to his arrest, this Court cannot presume that he knew what conduct led to the identification (*id.*).

Accordingly, we remit the matter to the Supreme Court, Queens County, for a de novo suppression hearing and to report on those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony, and the appeal is held in abeyance in the interim (*id.*). We decide no other issues at this time. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.