■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DION JOHN, Appellant. [859 NYS2d 456]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 30, 2005, convicting him of attempted robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony. By decision and order dated March 6, 2007, this Court remitted the matter to the Supreme Court, Queens County, for a de novo suppression hearing and a report thereafter on those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony, and held the appeal in abeyance in the interim (*see People v John,* 38 AD3d 568 [2007]). The Supreme Court has now filed its report.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court correctly denied suppression of a showup identification made by the victim. The showup was conducted in close temporal and spatial proximity to the time and place of the crime, and police conduct did not render the procedure unduly suggestive (*see People v Duuvon,* 77 NY2d 541, 544 [1991]; *People v Charles,* 31 AD3d 657, 658 [2006]; *People v Simmons,* 297 AD2d 759, 760 [2002]). Furthermore, as a police officer is authorized to search a defendant incident to a lawful arrest (*see Chimel v California,* 395 US 752, 762 [1969]; *People v Cooper,* 38 AD3d 678, 680 [2007]; *People v Davis,* 32 AD3d 445 [2006]), the court properly denied suppression of the mask and hat found in the defendant's possession.

The defendant's contention that the evidence was legally insufficient to prove his identity as the perpetrator of the crime

is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Drayton,* 24 AD3d 686 [2005]; *People v Gomez,* 308 AD2d 460 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we found that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt. An identification may be based upon height, weight, clothing, walk, or voice, and is not precluded merely because the witness did not see the defendant's face (*see People v Lyons,* 197 AD2d 708 [1993]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant was not deprived of a fair trial when the trial court administered a third *Allen* charge (*see Allen v United States,* 164 US 492 [1896]). Contrary to the defendant's contention, the fact that three *Allen* charges were given was not, in and of itself, coercive (*see People v Manino,* 20 AD3d 492 [2005]; *People v Cortez,* 242 AD2d 338 [1997]; *People v Sims,* 226 AD2d 564, 565 [1996]).

The defendant's contention that the testimony of a police officer constituted improper bolstering in violation of *People v Trowbridge* (305 NY 471 [1953]) is unpreserved for appellate review because defense counsel made no objection to this testimony at trial (*see* CPL 470.05 [2]; *People v Norris,* 5 AD3d 796, 797 [2004]; *People v Anderson,* 260 AD2d 387, 388 [1999]). In any event, the officer's testimony did not, either directly or inferentially, bolster the identification testimony of the complaining witness (*see People v Smalls,* 293 AD2d 500, 501 [2002]; *People v Higgins,* 216 AD2d 487, 488 [1995]; *People v Gray,* 203 AD2d 587 [1994]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.