■ The People of the State of New York, Respondent, v Alton Brown, Appellant. [893 NYS2d 60]—

Judgment, Supreme Court, Bronx County (Denis J. Boyle, J., at hearing; Robert Seewald, J., at jury trial and sentence), rendered September 5, 2006, convicting defendant of criminal possession of marijuana in the first degree and sentencing him, as a second violent felony offender, to a term of 3 to 6 years, unanimously modified, on the law, to the extent of vacating the second violent felony offender adjudication and substituting a second felony offender adjudication, and otherwise affirmed.

The court properly denied defendant's suppression motion.

There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]).

Immediately after the court charged the jury, sent it to the jury room, and discharged the alternate jurors, it became apparent to all parties that a regular juror was grossly unqualified. At that point, with defendant's consent, the court excused the unqualified juror and replaced him with the first alternate, who was still present in court. On appeal, defendant argues that this was defective because the alternate, having already been discharged, was unqualified to serve (*see People v Gomez*, 308 AD2d 460 [2003], *lv denied* 1 NY3d 572 [2003]), and because jury deliberations had allegedly commenced, requiring defendant's personal written consent to a substitution (*see* CPL 270.35 [1]).

Defendant's claim that the recently discharged alternate was unqualified is a claim that clearly requires preservation, and defendant's argument to the contrary is without merit (*see People v Agramonte*, 87 NY2d 765 [1996]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we also reject it on the merits. The record reflects that the interval between the discharge of the alternate, who was still in court, and his reinstatement was de minimis (*cf. People v Pearson*, 67 AD3d 600 [2009] [court has authority to make immediate retraction of discharge of jury]).

Regardless of whether defendant's claim that the substitution occurred after deliberations had commenced (thus violating the written consent requirement) requires preservation, that claim is unsupported by the record (*see People v Velasquez*, 1 NY3d 44, 48 [2003]; *People v Kinchen*, 60 NY2d 772 [1983]). On the contrary, the record satisfactorily establishes that, in this fast-paced sequence of events, the jury did not deliberate until after the alternate was substituted. We also reject defendant's request for a reconstruction hearing.

As the People concede, defendant should only have been adjudicated a second felony offender, not a second violent felony offender. Concur—Friedman, J.P., Catterson, Acosta, DeGrasse and Abdus-Salaam, JJ.