People v Gonzalez (2022 NY Slip Op 04843)

People v Gonzalez

2022 NY Slip Op 04843

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

391 KA 09-00381

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ORLANDO GONZALEZ, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered January 16, 2009. The judgment convicted defendant upon a jury verdict of murder in the second degree and attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently with one another, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]), defendant contends that the verdict is against the weight of the evidence because the jury gave undue weight to eyewitness identifications, which are "highly error prone" (see generally People v Boone, 30 NY3d 521, 527 [2017]). We reject that contention. Although "[m]istaken eyewitness identifications are 'the single greatest cause of wrongful convictions in this country,' . . . 'responsible for more . . . wrongful convictions than all other causes combined' " (id.), the issues of identification and credibility at issue herein " 'were properly considered by the jury and there is no basis for disturbing its determinations' " (People v Kelley, 46 AD3d 1329, 1330 [4th Dept 2007], lv denied 10 NY3d 813 [2008]; see People v Jones, 193 AD3d 1410, 1411 [4th Dept 2021], lv denied 37 NY3d 972 [2021]). This is not a case involving "an uncorroborated eyewitness identification of dubious reliability" (People v Miller, 191 AD3d 111, 116 [4th Dept 2020]). Rather, three of the four witnesses who identified defendant as the shooter were familiar with him from the neighborhood. One of them, the surviving victim, frequented the same multifamily building where defendant's father once lived and in front of which the shooting occurred. As a result, the surviving victim frequently saw defendant at the building. Moreover, that surviving victim recognized defendant from an altercation with defendant and others that occurred a few weeks before the shooting.
To the extent that defendant contends that an instruction on cross-racial identification was warranted (see Boone, 30 NY3d at 525-526), he failed to request such an instruction and, as a result, that contention is not preserved for our review (see People v Dingle, 147 AD3d 1080, 1080-1081 [2d Dept 2017], lv denied 29 NY3d 1078 [2017], 31 NY3d 1146 [2018]; see also People v Williams, 172 AD3d 586, 587 [1st Dept 2019], lv denied 34 NY3d 940 [2019]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we thus conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that the verdict was tainted by a coercive deadlock charge. Inasmuch as defendant failed to raise any objection to the charge, his contention is not preserved for our review (see People v Al-Kanani, 33 NY2d 260, 265 [1973], cert denied 417 US 916 [*2][1974]; People v Rumph, 93 AD3d 1346, 1348 [4th Dept 2012], lv denied 19 NY3d 967 [2012]; People v Roman, 85 AD3d 1630, 1631 [4th Dept 2011], lv denied 17 NY3d 821 [2011]). In any event, the contention lacks merit. The fact that County Court discussed the potential of another jury selection and a retrial "in the event the jury could not reach a verdict did not render the Allen charge coercive. Those concepts appear at least twice in the standard deadlock charge in the Criminal Jury Instructions" (People v Colon, 173 AD3d 1704, 1706 [4th Dept 2019], lv denied 34 NY3d 929 [2019], citing CJI2d[NY] Deadlock Charge; see People v Ford, 78 NY2d 878, 880 [1991]; People v Cowen, 249 AD2d 560, 560 [2d Dept 1998], lv denied 92 NY2d 895 [1998]; cf. People v Aponte, 2 NY3d 304, 306-308 [2004]; People v Nunez, 256 AD2d 192, 193 [1st Dept 1998], lv denied 93 NY2d 975 [1999]).
We agree with defendant, however, that the aggregate sentence of 45 years to life is unduly harsh and severe. Under the circumstances of this case, including the fact that defendant was 19 years old at the time of the incident and had only a few convictions for minor drug possession offenses on his record, we modify the judgment as a matter of discretion in the interest of justice by directing that the sentences imposed on both counts run concurrently (see People v Brewer, 196 AD3d 1172, 1175 [4th Dept 2021], lv denied 35 NY3d 1095 [2021], cert denied — US &mdash, 142 S Ct 1684 [2022]; see generally CPL 470.15 [6] [b]).
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court