People v Moore (2023 NY Slip Op 00548)

People v Moore

2023 NY Slip Op 00548

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND BANNISTER, JJ.

694 KA 11-02605

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ARTAMION J. MOORE, DEFENDANT-APPELLANT. 

JEFFREY WICKS, PLLC, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered December 14, 2011. The appeal was held by this Court by order entered February 10, 2017, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (147 AD3d 1548 [4th Dept 2017]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), and criminal possession of a weapon in the third degree (§ 265.02 [1]). We previously held this case, reserved decision, and remitted the matter to County Court for a ruling on defendant's motion for a trial order of dismissal with respect to the weapon possession counts, on which the court had reserved decision but failed to rule (People v Moore, 147 AD3d 1548, 1548-1549 [4th Dept 2017]). Upon remittal, the court denied the motion. Contrary to defendant's contention, we conclude that the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that the court erred in failing to discharge a juror who failed to timely appear in court at one point during the trial is unpreserved because defendant never moved to discharge that juror (see People v Boyd, 175 AD3d 1030, 1032 [4th Dept 2019], lv denied 34 NY3d 1015 [2019]; People v Armstrong, 134 AD3d 1401, 1401 [4th Dept 2015], lv denied 27 NY3d 962 [2016]). Indeed, when the court asked whether defendant was seeking a mistrial or disqualification of the juror in question, defense counsel responded in the negative. Consequently, "defendant 'should not now be heard to complain' of the court's failure to discharge the juror" (People v Phillips, 34 AD3d 1231, 1231 [4th Dept 2006], lv denied 8 NY3d 848 [2007]; see Armstrong, 134 AD3d at 1401).
Defendant also contends that the verdict was tainted by two premature, and therefore coercive, Allen charges. Inasmuch as defendant did not raise any objection to the first of the two Allen charges that he challenges on appeal, his contention with respect to that charge is not preserved for our review (see People v Gonzalez, 208 AD3d 981, 982 [4th Dept 2022], lv denied 39 NY3d 940 [2022]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). With respect to the second Allen charge, however, to which defendant did object, we conclude that it was not given prematurely because, at the time it was given by the court, the jury had been allowed to deliberate for approximately 10 hours and had sent a note to the court stating that they could not come to a verdict (see generally People v Pagan, 45 NY2d 725, 726-727 [1978]; People v Sharff, 38 NY2d 751, 752-753 [1975]; People v Arguinzoni, 48 AD3d 1239, 1241-1242 [4th Dept 2008], lv denied 10 NY3d 859 [2008]). Additionally, with respect to the substance of the second Allen charge, we conclude that, read as a whole, it "was 'encouraging rather than coercive' " (People v [*2]Colon, 173 AD3d 1704, 1706 [4th Dept 2019], lv denied 34 NY3d 929 [2019], quoting People v Ford, 78 NY2d 878, 879 [1991]). Indeed, we note that the second Allen charge essentially tracked the deadlock charge that appears in the Criminal Jury Instructions (see CJI2d[NY] Deadlock Charge; see generally Gonzalez, 208 AD3d at 983).
Defendant also contends that the court failed to comply with the procedure for handling and responding to jury notes set forth in People v O'Rama (78 NY2d 270 [1991]) with respect to Court Exhibit Nos. 6, 9, 11, and 15. Three of those jury notes—i.e., Court Exhibit Nos. 9, 11, and 15—were ministerial in nature, and therefore defendant failed to preserve his contention for our review when he failed to object to the court's handling of those notes at trial (see People v Mays, 20 NY3d 969, 971 [2012]; People v Cirino, 203 AD3d 1661, 1664-1665 [4th Dept 2022], lv denied 38 NY3d 1132 [2022]; People v Paul, 171 AD3d 1467, 1468 [4th Dept 2019], lv denied 33 NY3d 1107 [2019], reconsideration denied 34 NY3d 953 [2019], cert denied — US &mdash, 140 S Ct 1151 [2020]). With respect to the fourth note, Court Exhibit No. 6, wherein the jury requested an exhibit, we conclude that defendant waived any objection because he had previously consented to allowing court deputies to provide requested exhibits to the jury without court intervention (see People v Williams, 21 NY3d 932, 935 [2013]; People v King, 56 AD3d 1193, 1194 [4th Dept 2008], lv denied 11 NY3d 926 [2009]).
Additionally, defendant's contention that the court erred by failing to respond immediately to the jury notes is unpreserved for our review due to defendant's failure to object on that ground at trial (see People v Ortiz, 1 AD3d 1017, 1018 [4th Dept 2003], lv denied 1 NY3d 634 [2004]; see generally People v Starling, 85 NY2d 509, 516 [1995]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We also reject defendant's contention that the court erred in its response to a jury note requesting the readback of certain witness testimony. Here, in response to that note the court " 'appropriately advised the jurors to narrow their request for readback' " (People v Lack, 299 AD2d 872, 873 [4th Dept 2002], lv denied 99 NY2d 583 [2003]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court