People v Hall (2023 NY Slip Op 05740)

People v Hall

2023 NY Slip Op 05740

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2020-01092
 (Ind. No. 3012/16)

[*1]The People of the State of New York, respondent,
v
Kevin Hall, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Keerthana Nunna of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joanne D. Quinones, J.), rendered August 23, 2019, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was found guilty of manslaughter in the first degree after he stabbed a friend in the chest during a physical altercation. The defendant's contention that he was deprived of the effective assistance of counsel at trial is without merit. Because there was no reasonable view of the evidence that the defendant acted merely recklessly, defense counsel was not ineffective for failing to request the lesser included charge of manslaughter in the second degree inasmuch as such a request would have had little or no chance of success (see People v Bailey, 181 AD3d 1172, 1174; People v Henley, 145 AD3d 1578, 1580). The evidence, the law, and the circumstances of this particular case, viewed in totality and as of the time of the representation, reveal that defense counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 146-147).
The defendant contends that he was deprived of a fair trial when the Supreme Court provided the jury with a transcript of the testimony of a key prosecution witness, in response to the jury's note requesting to hear the witness's testimony in full. Given that defense counsel consented to send the transcript in to the jury, the defendant's contention is affirmatively waived (see People v Moore, 213 AD3d 1213, 1215; People v Edwards, 208 AD3d 510, 516).
Furthermore, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., FORD, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court