People v Moore (2024 NY Slip Op 05722)

People v Moore

2024 NY Slip Op 05722

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

764 KA 23-00897

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VICTOR D. MOORE, DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (JONATHAN ROSENBERG OF COUNSEL), FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered July 16, 2020. The judgment convicted defendant upon a jury verdict of burglary in the first degree (two counts), robbery in the first degree, assault in the third degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of burglary in the first degree (Penal Law § 140.30 [1], [2]) and one count each of robbery in the first degree (§ 160.15 [2]), assault in the third degree (§ 120.00 [1]), and criminal use of a firearm in the first degree (§ 265.09 [1] [a]). Defendant's conviction stems from a home invasion burglary and robbery during which he displayed a gun and caused injury to the homeowner when he struck him in the head with the gun after a struggle.
Defendant contends that County Court erred in allowing prejudicial testimony by the People's forensic scientist, who compared defendant's DNA to a sample taken from the victim's jacket. Defendant, however, failed to object to most of the forensic scientist's testimony, and thus his contention is preserved only in part. To the extent that defendant's contention is not preserved for our review (see CPL 470.05 [2]), we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Regarding the one instance where defendant objected to the forensic scientist's testimony, defendant consented to the court's suggestion not to bring the issue to the jury's attention by striking the objected-to testimony, and defendant therefore waived his challenge (see generally People v Ahmed, 66 NY2d 307, 311 [1985], rearg denied 67 NY2d 647 [1986]; People v Fricke, 216 AD3d 1446, 1448-1449 [4th Dept 2023], lv denied 40 NY3d 928 [2023]; People v Davis, 155 AD3d 1527, 1528 [4th Dept 2017], lv denied 31 NY3d 1012 [2018]).
Defendant failed to preserve for our review his further contention that the evidence is legally insufficient to establish that he caused a physical injury to the victim or that he possessed the firearm inasmuch as his motion for a trial order of dismissal was not specifically directed at the grounds advanced on appeal (see People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, "we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Desmond, 224 AD3d 1303, 1304 [4th Dept 2024], lv denied 41 NY3d 964 [2024] [internal quotation marks omitted]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that the court should have issued a cross-racial identification [*2]charge is not preserved for our review inasmuch as he failed to request such instruction (see People v Gonzalez, 208 AD3d 981, 982 [4th Dept 2022], lv denied 39 NY3d 940 [2022]). The sentence is not unduly harsh or severe. We note, however, that the certificate of disposition should be amended to reflect that defendant was sentenced as a second felony offender (see People v Parilla, 214 AD3d 1399, 1402 [4th Dept 2023], lv denied 40 NY3d 936 [2023]).
We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court