People v McLaurin

2026 NY Slip Op 02527

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

CURTEZ MCLAURIN, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

161 KA 22-02026

Present: Bannister, J.P., Montour, Greenwood, Nowak, And Hannah, JJ.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CASEY S. DUFFY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered October 21, 2022. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree.

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law

§ 125.25 [3]), attempted robbery in the first degree (§§ 110.00, 160.15 [2]), and criminal possession of a weapon in the second degree (§ 265.03 [3]). We affirm.

Defendant contends that County Court erred in refusing his request to charge manslaughter in the second degree as a lesser included offense of murder in the second degree. We reject that contention. While, as the People correctly concede, manslaughter in the second degree (see Penal Law § 125.15) is a lesser included offense of murder in the second degree under Penal Law § 125.25 (1) (intentional murder) (see People v McIntosh, 162 AD3d 1612, 1613 [4th Dept 2018], affd 33 NY3d 1064 [2019]), defendant was not prejudiced by the failure to charge the lesser offense because he was acquitted on the intentional murder count (see People v Brown, 53 NY2d 979, 981 [1981]; People v Ashraf, 186 AD2d 1057, 1058 [4th Dept 1992], lv denied 80 NY2d 1025 [1992]). Rather, defendant was convicted of felony murder (see § 125.25 [3]) and manslaughter in the second degree is not a lesser included offense of that crime (see People v Langlois, 17 AD3d 772, 774 [3d Dept 2005]).

Defendant's challenge to the court's second Allen charge is unpreserved for our review (see generally People v Moore, 213 AD3d 1213, 1214 [4th Dept 2023], lv denied 39 NY3d 1142 [2023]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).

Contrary to defendant's contention, his sentence is not unduly harsh or severe. Finally, we have considered defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court