▬ The People of the State of New York, Respondent, v Charlie Velez, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.),

rendered November 13, 1986, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing the conviction for criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Criminal possession of a controlled substance in the seventh degree is a lesser included offense of criminal possession of a controlled substance in the third degree which, under the circumstances of this case, should have been dismissed pursuant to CPL 300.40 (3) (b) *(see, People v Grier,* 37 NY2d 847, 848; *People v Policano,* 139 AD2d 773; *People v Simington,* 138 AD2d 757). However, the charge of criminal possession of a controlled substance in the third degree, under the circumstances of this case, is a noninclusory concurrent count *(see,* CPL 300.30 [4]). In any event, the defendant did not move for dismissal of this count in the trial court.

Also unpreserved for appellate review are the defendant's claims that the trial court erred in failing to charge the jury on the law of agency and in failing to deliver an *Allen* charge *(Allen v United States,* 164 US 492) when the jury indicated that it was experiencing difficulty in reaching a unanimous verdict. The defense counsel did not object to the court's charge or supplemental instructions and did not request either an agency or *Allen* charge *(see, People v Duncan,* 46 NY2d 74, 80, *cert denied* 442 US 910; *People v Argibay,* 45 NY2d 45, 50; *People v Gayles,* 122 AD2d 222; *People v Bristow,* 106 AD2d 510).

In any event, we note that an *Allen* charge was unnecessary. The supplemental instructions, given on the same day as the charge, merely asked the jury to try to continue deliberating, were not directed to a particular juror and were not coercive *(see, People v Page,* 47 NY2d 968, 970; *People v Pagan,* 45 NY2d 725, 726-727).

The application by the defendant for waiver of the mandatory surcharge due to indigency is premature since the defendant is incarcerated *(see, People v Peralta,* 127 AD2d 803, 804). Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.