■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BROOKS, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Deeley, J.), rendered January 27, 1981, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence, and (2) from a judgment of the same court (Murray, J.), rendered March 31, 1981, convicting him of criminal possession of a weapon in the third degree and assault in the first degree, upon a separate jury verdict, and imposing sentence.

Ordered that the judgments are affirmed.

With respect to the judgment rendered January 27, 1981, any issue of law with respect to the alleged defect in the trial court's instructions to the jury has not been preserved for appellate review (see, CPL 470.05 [2]; People v Giammarino, 105 AD2d 802). In any event, while the court's statement to the jury concerning whether "your minds are wavering" or "the scales are even" within the reasonable doubt charge was technically improper (see, People v Martinez, 118 AD2d 661), the charge as a whole correctly explained the concept of reasonable doubt to the jury and therefore did not deprive the defendant of a fair trial (see, People v Cadorette, 83 AD2d 908, affd 56 NY2d 1007; People v Townes, 104 AD2d 1057).

With respect to the judgment rendered March 31, 1981, the defendant's contention that the trial court's Allen charges coerced the jury into reaching a verdict is without merit. The

instructions here were neutral, were directed at the jurors in general, and were not coercive (see, *People v Pagan,* 45 NY2d 725; *People v Eley,* 121 AD2d 462). Although two *Allen* charges were given, that was not, in and of itself, improper because the important considerations for the court in determining whether to ask a jury to continue deliberations are whether "[t]he jury has deliberated for an extensive period of time without agreeing upon a verdict with respect to any of the charges submitted and [whether] the court is satisfied that any such agreement is unlikely within a reasonable time" (CPL 310.60 [1] [a]; *see generally, Matter of Plummer v Rothwax,* 63 NY2d 243). We find that based upon the circumstances, both the court's first and second *Allen* charges were proper.

During summation the prosecutor improperly gave his opinion as to the credibility of witnesses. However, the court's and the prosecutor's subsequent comments to the jury effectively cured any possible prejudice which might have resulted (see, *People v Turner,* 141 AD2d 878).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.