■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS GONZALEZ, Appellant.—Judgment of the Supreme Court, Bronx County (David Levy, J.), rendered on April 12, 1988, convicting defendant, after trial by jury, of criminal sale of a controlled substance in the third degree and sentencing him in absentia to 4½ to 9 years in prison, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to waive payment of the mandatory surcharge, and otherwise affirmed.

The evidence, viewed in a light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), was sufficient to establish that defendant knew that a controlled substance was being sold, and that defendant intentionally aided the codefendant in carrying out the sale. Defendant not only stood next to the principal seller and helped draw the buyer's attention to the type of drugs that were for sale by calling out, "Blue Caps", but after the sale was completed, the defendant informed the buyer that they had the "best crack". The jury was therefore justified in finding that he was an accomplice. *(People v Kaplan,* 76 NY2d 140.) Moreover, the court's charge adequately informed the jury that a finding of accomplice liability required not only that the defendant rendered aid to the principal seller but that he did so intentionally, and with knowledge that the substance was cocaine. *(Supra.)*

We decline at this time to decide whether the surcharge should be waived due to defendant's indigency. *(See, People v Velez,* 150 AD2d 514, *lv denied* 74 NY2d 748.) Concur—Murphy, P. J., Ross, Carro and Rosenberger, JJ.*[See,* 167 AD2d 168.]