■ The People of the State of New York, Respondent, v Peter Fleury, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered August 18, 1989, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court, faced with an apparently deadlocked jury, failed to deliver a properly balanced Allen charge (see, Allen v United States, 164 US 492), in that it failed to expressly stress that no juror should abandon his or her conscientiously held opinions simply so that a verdict could be reached. The record reveals, however, that the supplemental instructions rendered in this case were

essentially neutral, were directed at the jurors in general, and did not coerce the jurors to reach a verdict or to achieve a specific result *(People v Eley,* 121 AD2d 462; *People v Curtin,* 115 AD2d 753). Nor did the instructions urge that a dissenting juror abandon his own conviction and join in the opinion of other jurors or shame the jury into reaching a verdict *(People v Hardy,* 109 AD2d 802; *see, People v Gomez,* 149 AD2d 432; *People v Zocchi,* 133 AD2d 478).

In light of the overall balanced nature of the charge, the court's remark that this was not a difficult case, did not render the charge coercive *(see, People v Boyd,* 150 AD2d 786, 787; *cf., People v Rodriguez,* 70 NY2d 523, 532). Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.