■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ODOME, Appellant. [596 NYS2d 855] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered February 25, 1988, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in permitting the prosecutor to elicit prior consistent statements from an eyewitness. It is well established that a witness's prior consistent statements may not be utilized to bolster his or her trial testimony unless the testimony has been attacked by the opposing party as a recent fabrication (see, People v Marcial, 178 AD2d 493; People v Davis, 44 NY2d 269). In this case, there was no such attack. Thus, it was error to allow the witness to testify that he told the District Attorney and Grand Jury that the defendant shot the victim. It was also error to allow a police officer to testify that he arrested the defendant after conferring with the eyewitness (see, People v Holt, 67 NY2d 819). However, any error in the admission of such bolstering testimony must be deemed harmless in light of the eyewitness's recognition of the defendant, whom he had known for 20 years (see, People v Tinsley, 159 AD2d 602).

The defendant's contention that the trial court's supplemen-

tal instructions were coercive and prejudicial to the defense are without merit. To the extent this issue was preserved for appellate review, we find that the instructions were neutral, were directed to the jurors in general, and were not coercive (see, People v Brooks, 152 AD2d 591; People v Jones, 166 AD2d 722).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Ritter, Copertino and Santucci, JJ., concur.