■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PERDOMO, Appellant. [611 NYS2d 560] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered May 22, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the trial court's *Allen* charge coerced the jury into returning a verdict after they had reported a deadlock is unpreserved for appellate review as defense counsel neither requested a specific charge nor objected to the charge given by the court *(see, People v Velez,* 150 AD2d 514). In any event, such instructions are proper provided they do not (1) urge a dissenting juror to abandon his or her convictions and join in the opinion of other jurors, (2) attempt to coerce or compel the jury to reach a particular verdict, or (3) shame the jury into reaching a verdict *(see, People v Bastien,* 180 AD2d 691; *People v Austin,* 168 AD2d 502). In this case, the instructions to the jury were free of these errors. The court was careful to address its charge to the jury as a whole, and stated that "I cannot ask and do not want any juror to surrender his or her honest opinion as to the weight or effect of the evidence for the mere purpose of returning a verdict". Any alleged coercion in the charge did not result in a precipitous jury verdict since the record shows the jury continued to deliberate following the *Allen* charge before returning its verdict *(see, People v Glover,* 165 AD2d 761, 763; *People v Green,* 162 AD2d 612).

The defendant's contention that the sentence imposed was excessive and constituted punishment for proceeding to trial is without merit *(see, People v Canute,* 190 AD2d 745; *People v Brown,* 157 AD2d 790; *People v Patterson,* 106 AD2d 520).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Sullivan, J. P., O'Brien, Santucci and Hart, JJ., concur.