■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO PERDOMO, Appellant. [614 NYS2d 105] —Judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered June 3, 1992, convicting defendant, after jury trial, of attempted murder in the second degree and criminal possession of a weapon in the second degree and sentencing him to concurrent terms of 6 to 18 years and 2 to 6 years, respectively, unanimously affirmed.

Since defendant failed to raise any further objection or request a mistrial following the court's prompt curative instruction as to certain hearsay testimony, the instruction must be deemed to have corrected the error to defendant's satisfaction *(People v Williams,* 46 NY2d 1070).

Defendant did not request that the trial court include in its charge the specific language he now cites *(People v Acevedo,* 181 AD2d 596, 597, *lv denied* 79 NY2d 1045), and his subsequent exception did not alert the court to his current claim that, by failing to give this additional charge, he was denied his right to a fair trial *(People v Jackson,* 76 NY2d 908). In any event, the court's charge, taken as a whole, properly conveyed to the jury how it should evaluate witness testimony *(People v Canty,* 60 NY2d 830, 831-832; *People v Robinson,* 36 NY2d 224, 227-228).

Finally, the prosecutor's summation did not exceed the broad bounds of rhetorical comment permissible in closing argument *(People v Galloway,* 54 NY2d 396, 399). Defendant's sentence is legal and appropriate and we decline to reduce it in the interest of justice. Concur—Sullivan, J. P., Wallach, Ross, Rubin and Tom, JJ.