■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON MARERO, Appellant. [617 NYS2d 780] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered October 15, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under Indictment No. 10833/90, upon a jury verdict, and imposing sentence, (2) from a judgment of the same court, also rendered October 15, 1991, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 8164/91, upon his plea of guilty, and imposing sentence, and (3) an amended judgment of the same court, also rendered October 15, 1991, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a controlled substance in the fifth degree under S.C.I. No. 2848/90.

Ordered that the judgments upon Indictment Nos. 10833/90 and 8164/91 are modified, on the law, by vacating the sentences imposed; as so modified, the judgments are affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing in accordance herewith; and it is further,

Ordered that the amended judgment upon S.C.I. No. 2848/90 is affirmed.

The defendant's contention that the trial court's Allen charges (see, Allen v United States, 164 US 492) were coercive is unpreserved for appellate review. The defense counsel neither requested a specific charge nor objected to the charges that were given by the trial court (see, People v Perdomo, 204 AD2d 128; People v Velez, 150 AD2d 514). In any event, the

record reveals that the supplemental instructions were neutral, that they were directed at the jurors in general, and that they did not coerce the jurors to reach a verdict or to achieve a specific result *(see, People v Odome,* 192 AD2d 726; *People v Fleury,* 177 AD2d 504; *People v Brooks,* 152 AD2d 591).

The defendant, relying upon *People v Sloan* (79 NY2d 386), contends that his right to be present at a material stage of his trial was violated by his absence from a sidebar conference with a juror who indicated that she might know one of the potential witnesses. However, the Court of Appeals has determined that the rule enunciated in *People v Sloan (supra)* should be applied only prospectively to cases in which jury selection occurred after April 7, 1992, the date on which *Sloan* was decided *(see, People v Sprowal,* 84 NY2d 113; *see also, People v Hannigan,* 193 AD2d 8, *lv granted* 82 NY2d 896). Here, jury selection occurred prior to April 7, 1992. Therefore, reversal is not required.

Finally, the People concede that the trial court did not adjudicate the defendant a second felony offender during sentencing upon Indictment Nos. 10833/90 and 8164/91. Thus, these sentences must be vacated and the matter remitted for resentencing in accordance with CPL 400.21 *(see, People v Leacock,* 196 AD2d 663; *People v Bressingham,* 148 AD2d 463). Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.