■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ARNOLD, Appellant. [641 NYS2d 318] —Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J., at trial; Wexner, J., at sentencing), rendered June 23, 1993, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Wexner, J.), of the branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence is not legally sufficient to establish his guilt of rape in the first degree beyond a reasonable doubt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Barrett,* 166 AD2d 657, 658; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant has failed to preserve for appellate review his contention that the trial court's *Allen* charge (*see, Allen v United States,* 164 US 492) coerced the jury to return a verdict after it had reported a deadlock. Defense counsel neither

requested a specific *Allen* charge nor objected to the charge that was given by the court (*see, People v Marero,* 208 AD2d 769; *People v Perdomo,* 204 AD2d 128; *People v Velez,* 150 AD2d 514). In any event, the charge was neutral; it was directed at the jurors in general; and it did not coerce the jurors to reach a verdict or to achieve a specific result (*see, People v Odome,* 192 AD2d 726; *People v Fleury,* 177 AD2d 504; *People v Brooks,* 152 AD2d 591).

We agree with the defendant that the prosecutor misstated the law during his summation by defining rape as sexual intercourse without consent, thereby omitting the element of forcible compulsion. However, that comment could not have been interpreted by the jury as an instruction on the law since the prosecutor previously stated that the Judge would instruct it on the law and the court admonished the prosecutor to avoid discussing the law in his summation (*see, People v Rosenblitt,* 198 AD2d 382, 383; *People v Hart,* 176 AD2d 148). Moreover, in light of the trial court's charge to the jury that the People were required to establish that the defendant engaged in sexual intercourse with the victim, that the victim did not consent, and that the victim's lack of consent resulted from the use of forcible compulsion by the defendant, there is no possibility that the jury found the defendant guilty without concluding that the victim's lack of consent resulted from his use of forcible compulsion (*see, People v Rosenblitt, supra; People v Hart, supra*).

The hearing court properly denied the branch of the defendant's omnibus motion which was to suppress his statements to the police. The defendant was properly advised of his constitutional rights pursuant to *Miranda v Arizona* (384 US 436), and he waived his rights prior to making the statements in question (*see, North Carolina v Butler,* 441 US 369; *People v Sirno,* 76 NY2d 967; *People v Davis,* 55 NY2d 731; *People v Rose,* 204 AD2d 745).

The defendant's sentence is not excessive (*see, People v Sanchez,* 131 AD2d 606, 608-609; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.