■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO PENAFIEL, Appellant. [667 NYS2d 932] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered November 2, 1995, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the second degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant failed to object at trial to the court's *Sandoval* ruling, his contention that the court erred in rendering an equivocal ruling is not preserved for appellate review (*see, People v Claudio,* 64 NY2d 858). In any event, the trial court's *Sandoval* ruling provided the defendant with sufficient information to make an informed decision as to whether or not to testify at trial (*see, People v Sandoval,* 34 NY2d 371).

The defendant's contention that the trial court's *Allen* charges (*see, Allen v United States,* 164 US 492) were coercive is unpreserved for appellate review. The defense counsel neither requested a specific charge nor objected to the charges that were given by the trial court (*see, People v Cortez,* 242 AD2d 338; *People v Marero,* 208 AD2d 769). In any event, the record reveals that the supplemental instructions were neutral, that they were directed at the jurors in general, and that they did not coerce the jurors to reach a verdict or to achieve a specific result (*see, People v Sims,* 226 AD2d 564; *People v Marero, supra; People v Fleury,* 177 AD2d 504).

Although the People failed to timely produce certain *Rosario* material (*see, People v Rosario,* 9 NY2d 286), reversal is not required since the delay did not substantially prejudice the defendant (*see, People v Banch,* 80 NY2d 610; *People v Ranghelle,* 69 NY2d 56).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or academic (*see, People v Williams,* 165 AD2d 848). O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.