■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT TAYLOR, Appellant. [675 NYS2d 320] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered July 25, 1996, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court's *Sandoval* ruling deprived him of a fair trial is unpreserved for appellate review as he raised no objections and did not advance any arguments at the hearing (*see, People v Penafiel*, 247 AD2d 411; *People v Melvin*, 223 AD2d 604). In any event, the Supreme Court did not improvidently exercise its discretion in permitting the People to cross-examine the defendant, should he testify, about two of his six convictions, i.e., robbery and criminal possession of a controlled substance, his use of aliases and different birth dates, and his arrests on various bench warrants, as they demonstrate his willingness to place his interests above those of society and are particularly probative on the issue of his credibility (*see, People v Walker*, 83 NY2d 455; *People v Pavao*, 59 NY2d 282; *People v Sandoval*, 34 NY2d 371; *People v Johnson*, 249 AD2d 417).

The defendant's general motion to dismiss the indictment at the end of the People's case failed to preserve his claim regarding the legal sufficiency of the evidence (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable

to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review, and, in any event, without merit. Bracken, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.