■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP GONZALES, Appellant. [721 NYS2d 772] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered April 26, 1999, convicting him of criminal sale of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Given the undercover officer's testimony that he observed the defendant take money from another man and pour methadone into that man's empty bottle, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that the trial court's *Allen* charge (*see, Allen v United States,* 164 US 492) was coercive is unpreserved for appellate review, as he neither requested a specific charge nor objected to the charge given (*see, People v Ahmed,* 269 AD2d 458; *People v Perdomo,* 204 AD2d 358). In any event, the charge was balanced and neutral in tone, and it did not urge any dissenting jurors to abandon their convictions and acquiesce in the opinion of the other jurors, attempt to coerce or compel the jurors to reach a particular verdict, or shame them into reaching a verdict (*see, People v Ahmed, supra; People v Perdomo, supra; People v Fleury,* 177 AD2d 504). Friedmann, J. P., Florio, Luciano and Feuerstein, JJ., concur.