■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUDWIDGE AUGUSTE, Appellant. [741 NYS2d 700] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered August 10, 2000, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the jury deadlocked on the burglary count, after which the court provided a standard *Allen* instruction (*see Allen v United States,* 164 US 492). After the jury deadlocked a second time, the court gave an "enhanced" *Allen* charge. Soon after, the jury returned a verdict convicting the defendant of burglary in the second degree. The defendant contends that the second *Allen* charge was improper.

Since the defendant failed to request specific language for

the second *Allen* charge and failed to object to the charge as given, his claim is unpreserved for appellate review (*see People v Petty,* 282 AD2d 551; *People v McRae,* 266 AD2d 241; *People v Arnold,* 226 AD2d 468; *People v Perdomo,* 204 AD2d 358). In any event, contrary to the defendant's contention, the charge adequately advised the jurors that they were not to abandon their individual beliefs and that the jury verdict must be the verdict of each individual juror (*see People v Sims,* 226 AD2d 564; *cf. People v Ali,* 65 AD2d 513, *affd* 47 NY2d 920). Moreover, in light of the overall propriety of the charge, the jury's brief deliberation after the court issued the *Allen* charge did not demonstrate that the charge was coercive (*cf. People v Nunez,* 256 AD2d 192; *People v Diaz,* 245 AD2d 526). Florio, J.P., Smith, Krausman and Townes, JJ., concur.