■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT MCKENZIE, Appellant. [852 NYS2d 217]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered March 14, 2006, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court's *Allen* charge (*see Allen v United States,* 164 US 492 [1896]) was coercive is unpreserved for appellate review because defense counsel did

not object to the instructions given by the court (*see People v Auguste*, 294 AD2d 371, 371-372 [2002]; *People v Petty*, 282 AD2d 551, 552 [2001]; *People v Arnold*, 226 AD2d 468 [1996]). In any event, the argument is without merit. On the whole, the charge was balanced and neutral in tone and directed at the jurors in general (*see People v Gonzales*, 281 AD2d 432 [2001]; *People v Arnold*, 226 AD2d 468 [1996]; *People v Ramirez*, 223 AD2d 656, 656-657 [1996]; *People v Fleury*, 177 AD2d 504, 505 [1991]). Additionally, the instructions did not urge that a dissenting juror abandon his or her own conviction, attempt to coerce or compel the jury to reach a particular verdict, or shame the jury into reaching a verdict (*see People v Gonzales*, 281 AD2d 432 [2001]; *People v Perdomo*, 204 AD2d 358 [1994]; *People v Fleury*, 177 AD2d at 505). Contrary to the defendant's contention, the trial court's instructions to the jurors to "be open to reason," "not to hesitate to change [their] views," and to "harmonize" their opinions, which were also given during the main charge, were balanced by the court's admonition that the jurors should only agree if they could do so "without violating [their] own conscience" and should not "change their opinion simply for the purpose of returning a verdict."

Moreover, because the jury continued to deliberate and sent out two subsequent notes requesting a read back of testimony and other evidence, "[a]ny alleged coercion in the charge did not result in a precipitous jury verdict" (*People v Perdomo*, 204 AD2d 358 [1994]; *see People v Glover*, 165 AD2d 761, 763 [1990]; *People v Green*, 162 AD2d 612, 613 [1990]).

Because the *Allen* charge was not improper, the defendant's ineffective assistance of counsel claim, based solely on his attorney's failure to object to the charge, is without merit (*see generally People v Stover*, 36 AD3d 837, 838 [2007]). Lifson, J.P., Ritter, Angiolillo and Carni, JJ., concur.