■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIOS APPLEWHITE, Appellant. [856 NYS2d 230]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered February 3, 2006, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that he was deprived of a fair trial by certain statements made by the prosecutor during summation is not preserved for appellate review as he either failed to object to the prosecutor's statements, or made only general objections, and did not seek curative instructions or move for a mistrial when his objections were sustained (*see* CPL 470.05; *People v Morris*, 2 AD3d 652 [2003]; *People v McHarris*, 297 AD2d 824 [2002]). In any event, the prosecutor's statements, for the most part, constituted "fair comment on the evidence and the inferences to be drawn therefrom" (*People v McHarris*, 297 AD2d at 825), or fair response to defense counsel's comments during summation (*see People v Adamo*, 309 AD2d 808 [2003]; *People v Vaughn*, 209 AD2d 459 [1994]; *People v Clark*, 222 AD2d 446

[1995]), and any improper statements "were not so flagrant or pervasive as to deny the defendant a fair trial" (*People v Almonte,* 23 AD3d 392, 394 [2005]; *see People v Svanberg,* 293 AD2d 555 [2002]).

The defendant's claim that he was deprived of a fair trial because the court's *Allen* charge (*see Allen v United States,* 164 US 492 [1896]) was unbalanced and coercive also is not preserved for appellate review, as he did not ask for specific language for the charge (*see People v Auguste,* 294 AD2d 371 [2002]; *People v Arnold,* 226 AD2d 468 [1996]). In any event, the court's *Allen* charge was not coercive (*see People v Kinard,* 215 AD2d 591 [1995]; *People v Perdomo,* 204 AD2d 358 [1994]; *People v Austin,* 168 AD2d 502 [1990]). Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.