■ The People of the State of New York, Respondent, v Christopher Coad, Appellant. [876 NYS2d 107]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered May 17, 2007, convicting him of burglary in the first degree, sexual abuse in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing in the County Court, Nassau County (Kase, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements made to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly admitted into evidence at trial a

tape recording of the 911 emergency call made by the complainant's then 12-year-old daughter under the excited utterance (*see People v Edwards*, 47 NY2d 493, 497 [1979]; *People v Carrenard*, 56 AD3d 486, 487 [2008]; *People v Dominick*, 53 AD3d 505, 505-506 [2008]; *People v Davis*, 49 AD3d 895, 896 [2008]; *People v Marino*, 21 AD3d 430, 431 [2005], *cert denied* 548 US 908 [2006]) and present sense impression (*see People v Brown*, 80 NY2d 729, 734-737 [1993]; *People v Marino*, 21 AD3d at 431; *People v York*, 304 AD2d 681 [2003]; *People v Smith*, 267 AD2d 407, 408 [1999]) exceptions to the hearsay rule. Moreover, even if the probative value of the tape was outweighed by its prejudicial effect, under the circumstances of this case, admission of the 911 tape was harmless given that it merely substantiated that an unidentified intruder was in the house (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Buie*, 86 NY2d 501, 518 [1995]).

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress the in-court identification testimony of the complainant. Contrary to the defendant's contention, the in-court identification was not tainted by a prior showup in front of the complainant's home, immediately after the crime. The defendant failed to meet his ultimate burden of establishing that the showup was unduly suggestive (*see People v Berry*, 50 AD3d 1047, 1048 [2008]; *People v Dupree*, 37 AD3d 491, 491-492 [2007]; *People v Carbonaro*, 162 AD2d 459 [1990]). Therefore, it was not necessary for the People to show that an independent source existed for the complainant's in-court identification (*see People v Hayes*, 191 AD2d 644 [1993]; *People v Johnson*, 170 AD2d 535 [1991]; *People v Jackson*, 108 AD2d 757, 757-758 [1985]).

Contrary to the defendant's contention, his statements to law enforcement officials were not rendered involuntary because he allegedly was under the influence of mild-altering drugs (*see People v Arevalo*, 54 AD3d 380 [2008], *lv denied* 11 NY3d 829 [2008]; *People v Benjamin*, 17 AD3d 688, 689 [2005]). Thus, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his confession.

The defendant's contention that the trial court's *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) was coercive is unpreserved for appellate review since defense counsel did not object to the instructions given by the court (*see* CPL 470.05 [2]; *People v McKenzie*, 48 AD3d 594, 594-595 [2008]; *People v Auguste*, 294 AD2d 371, 371-372 [2002]; *People v Petty*, 282 AD2d 551, 552 [2001]). In any event, the court's *Allen* charge was not coercive (*see People v Applewhite*, 50 AD3d 1046, 1047

[2008]; *People v McKenzie*, 48 AD3d at 595; *People v Kinard*, 215 AD2d 591 [1995]; *People v Perdomo*, 204 AD2d 358 [1994]) and, on the whole, the charge was balanced and neutral in tone and directed at the jurors in general (*see People v Pagan*, 45 NY2d 725, 727 [1978]; *People v Gonzales*, 281 AD2d 432 [2001]; *People v Arnold*, 226 AD2d 468, 469 [1996]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.