██ The People of the State of New York, Respondent, v Michael Rich, Appellant. [912 NYS2d 124]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered November 28, 2008, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant allegedly subjected his grandniece to certain sexual contacts during an incident on a family vacation at his summer house in Southampton, New York. The then-12-year old victim testified that, after asking her if she wanted "a tickle," the defendant placed his hand underneath her shirt and onto her breast, that he put his hand under her skirt and "cupped" it over her vagina, and that he placed his hand onto her buttocks. She also testified that he then asked her if she wanted to give him a "special tickle," grabbed her hand, and placed it into his shorts.

The defendant was charged with two counts of sexual abuse in the first degree, one count of attempted sexual abuse in the first degree, two counts of sexual abuse in the second degree, and one count of endangering the welfare of a child. The first count and the fourth count related to the alleged touching of the victim's vagina, the second count and the fifth count related to the alleged touching of the victim's buttocks, and the third count related to the alleged attempt to force the victim to touch his penis. The sixth count, endangering the welfare of a child, was predicated on a "sexual contact" theory, but did not specify any particular act. Following a jury trial, the defendant was acquitted on counts one through five of the indictment, but was found guilty of endangering the welfare of a child. We affirm.

The defendant's argument that the verdict was repugnant is unpreserved for appellate review because he failed to raise the issue prior to the discharge of the jury (*see People v Satloff*, 56 NY2d 745 [1982]; *People v Lobban*, 59 AD3d 566 [2009]). In any event, this argument is without merit (*see e.g. People v Sanchez*, 128 AD2d 377, 379 [1987]). The jury's findings can be reconciled and are not "inherently self-contradictory" (*People v Tucker*, 55 NY2d 1, 8 [1981]; *see People v Loughlin*, 76 NY2d 804 [1990]). Each of the first five counts, as charged by the County Court, was based on a specific sexual act and contained an element different from that of the sixth count. As such, an acquittal on the first five counts did not mandate a finding of not guilty on the sixth count (*see People v Harris*, 50 AD3d 1387 [2008]; *People v Snead*, 302 AD2d 268 [2003]; *People v Gross*, 184 AD2d 1051 [1992]; *People v Goodfriend*, 100 AD2d 781 [1984], *affd* 64 NY2d 695 [1984]; *cf. People v Crane*, 242 AD2d 783 [1997]).

Contrary to the defendant's contention, the *Allen* charge (*see Allen v United States*, 164 US 492 [1896]), which was neutral in tone and directed at the jurors in general, was not unduly coercive (*see People v Coad*, 60 AD3d 963 [2009]; *People v Gonzales*, 281 AD2d 432 [2001]). The County Court's instructions to the jurors to be "be flexible" and to "harmonize" their opinions were balanced by the court's admonitions that any decision must be "based solely on the evidence and the law" and must not be "influenced or affected by any sympathy" or "mere acquiescence in the conclusion of others" (*see People v McKenzie*, 48 AD3d 594 [2008]).

The defendant's contention that he was deprived of a fair trial as a result of prosecutorial misconduct is without merit. The prosecutor's summation comments constituted either fair comment upon the evidence presented or fair response to the defense summation (*see People v Ashwal*, 39 NY2d 105, 109-110

[1976]; *People v Salnave*, 41 AD3d 872, 874 [2007]). With respect to the challenged remarks made by the prosecutor during the cross-examination of the defendant's wife, the County Court promptly cut off the inquiry and offered a proper instruction that served to ameliorate any prejudicial effect that may have resulted (*see People v Barnes*, 80 NY2d 867 [1992]; *People v Galloway*, 54 NY2d 396 [1981]; *People v Martinez*, 58 AD3d 754 [2009]; *People v Fluellen*, 2 AD3d 286, 287 [2003]; *People v Eastman*, 299 AD2d 366 [2002]).

There was also no error in admitting the testimony of Dr. Eileen Treacy. "[E]xpert testimony regarding rape trauma syndrome, abused child syndrome or similar conditions may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387 [2000], citing *People v Taylor*, 75 NY2d 277 [1990]). Here, the County Court properly limited the scope of the testimony and Dr. Treacy spoke about victims in general and never opined that the defendant committed the crimes, that the victim was sexually abused, or that the victim's specific actions and behavior were consistent with abuse (*see People v Carroll*, 95 NY2d at 387; *People v Taylor*, 75 NY2d at 277; *People v Higgins*, 12 AD3d 775 [2004]).

The defendant's contention that the testimony of the victim's mother improperly bolstered the victim's testimony is unpreserved for appellate review, since he failed to object to the alleged improper testimony (*see* CPL 470.05 [2]; *People v Torres*, 71 AD3d 1063 [2010]). In any event, the County Court's instruction properly limited the testimony, permitting only so much as was needed to provide background information as to how and when the police commenced the investigation (*see People v Tosca*, 98 NY2d 660 [2002]). Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.