■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILL WILLIAMS, Appellant. [935 NYS2d 895]—

As the People correctly concede on this appeal, the evidence adduced at trial was legally insufficient to support the defendant's convictions of sexual abuse in the second degree under counts 8 and 15 of the indictment. The People further correctly concede that two additional convictions of sexual abuse in the second degree must be reversed as multiplicitous (*see People v Alonzo*, 16 NY3d 267 [2011]). Accordingly, we reverse the defendant's convictions for sexual abuse in the second degree under counts 8, 15, 16, and 17 of the indictment, vacate the sentences imposed thereon, and dismiss those counts of the indictment. The defendant's remaining contentions regarding multiplicitous and duplicitous counts and other alleged defects in the indictment are unpreserved for appellate review and, in any event, without merit (*id.*).

Contrary to the defendant's contention, the trial court providently exercised its discretion in admitting expert testi-

mony regarding sexual abuse of children. While the hypothetical situation described by the prosecutor during the direct examination of the expert bore some similarities to the facts of this case, the expert did not offer an opinion with respect to the credibility of the complainants, and expressly disavowed any intention of rendering an opinion as to whether the complainants were victims of sexual abuse (*see People v Spicola*, 16 NY3d 441, 465-466 [2011], *cert denied* 565 US —, 132 S Ct 400 [2011]; *see also People v Rich*, 78 AD3d 1200, 1202 [2010]; *see generally People v Carroll*, 95 NY2d 375, 387 [2000]; *cf. People v Diaz*, 85 AD3d 1047, 1051 [2011]).

The defendant was not deprived of the effective assistance of counsel, as the record amply supports the conclusion that he received meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

Although the defendant's crimes are serious, we find that his aggregate sentence of 66 years to life in prison is excessive under the circumstances. Accordingly, we modify the sentence to make the term imposed upon the defendant's conviction of course of sexual conduct against a child in the second degree run concurrently to all other counts, thereby effectively reducing his aggregate sentence to 46 years to life in prison.

The defendant's remaining contentions are without merit. Mastro, A.P.J., Chambers, Austin and Miller, JJ., concur.