THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOPHIA MUIRHEAD, Appellant. [972 NYS2d 681]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Ozzi, J.), rendered June 23, 2011, convicting her of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support her conviction is unpreserved for appellate review (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the People's contention, the defendant preserved for appellate review her claim that the gun recovered by a police officer was improperly admitted into evidence due to the People's failure to establish an adequate chain of custody. However, since the officer marked the gun with his initials when he vouchered it, rendering it readily identifiable, his identification at trial and testimony that it was in the same condition as when he recovered it was sufficient to warrant its admission into evidence (*see People v McGee*, 49 NY2d 48, 59-60 [1979]; *People v Julian*, 41 NY2d 340, 343 [1977]; *People v Wilson*, 150 AD2d 628, 630 [1989]; *People v Capers*, 105 AD2d 842, 843 [1984]).

The defendant's contention that the trial court's *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) was improper is only partially preserved for appellate review (*see* CPL 470.05 [2]). In any event, although the court "did not expressly instruct that each juror was entitled to maintain 'conscientiously held opinions,' the charge as a whole was balanced, proper, and encouraging rather than coercive" (*People v Kinard*, 215 AD2d 591, 591 [1995]; *see People v Canales*, 88 AD3d 1007, 1007-1008 [2011]). The court's instructions were directed at the jurors in general, and "did not urge that a dissenting juror abandon his or her own conviction, attempt to coerce or compel the jury to reach a particular verdict, or shame the jury into reaching a

verdict" (*People v McKenzie*, 48 AD3d 594, 595 [2008]; *see People v Canales*, 88 AD3d at 1008; *People v Gonzalez*, 70 AD3d 855, 856 [2010]).

Because the *Allen* charge was not improper, the defendant's ineffective assistance of counsel claim, based solely on her attorney's failure to object to a portion of that charge, is without merit (*see People v McKenzie*, 48 AD3d at 595). Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.