■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DRUMMOND, Appellant. [39 NYS3d 208]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered May 29, 2013, convict-

ing him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of robbery in the first degree (two counts) and robbery in the second degree on the ground that the prosecution failed to establish his identity as one of the perpetrators of those crimes is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Wiggs*, 130 AD3d 659, 659 [2015], *lv granted* 27 NY3d 1141 [2016]; *People v Wright*, 105 AD3d 876 [2013]; *People v Harrison*, 22 AD3d 236 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt. Contrary to the defendant's contention, although the complainants were unable to positively identify him, the circumstantial evidence, including the DNA evidence linking the defendant to the crime, established a prima facie case as to identity (*see People v Moss*, 138 AD3d 761 [2016]; *People v Ross*, 118 AD3d 1413, 1414 [2014]; *People v Burroughs*, 108 AD3d 1103, 1106 [2013]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court's *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) was coercive and unbalanced is unpreserved for appellate review, as defense counsel neither requested a specific charge nor objected to the charge given by the court (*see* CPL 470.05 [2]; *People v Smith*, 135 AD3d 970, 971 [2016]; *People v Terry*, 122 AD3d 882, 883 [2014]; *People v Auguste*, 294 AD2d 371, 372 [2002]). In any event, such instructions are proper provided they do not (1) urge a dissenting juror to abandon his or her convictions and join in the opinion of other jurors, (2) attempt to coerce or compel the jury to reach a particular verdict, or (3) shame the jury into reaching a verdict (*see People v Smith*, 135 AD3d at 971; *People v Bastien*, 180 AD2d 691, 692 [1992]).

Here, the court's charge was balanced and proper, and was directed to all jurors in general. In essence, the court encouraged the jurors to fulfill their oaths by openly and carefully listening to each other's positions, and did not urge that a dissenting juror abandon his or her own conviction, attempt to coerce or compel the jury to reach a particular verdict, or shame the jury into reaching a verdict (*see People v Muirhead*, 110 AD3d 833, 834-835 [2013]; *People v McKenzie*, 48 AD3d 594, 595 [2008]; *People v Auguste*, 294 AD2d at 372; *People v Kendrick*, 256 AD2d 420, 421 [1998]; *People v Denham*, 179 AD2d 673 [1992]). The court also properly defined reasonable doubt in the *Allen* charge as a doubt, based upon the evidence or lack of evidence, for which a juror can give a reason if he or she was called upon to do so (*see People v Henderson*, 50 AD3d 525 [2008]; *People v Osborne*, 248 AD2d 491 [1998]; *see also People v Antommarchi*, 80 NY2d 247, 252 [1992]).

As the *Allen* charge was not improper, the defendant's ineffective assistance of counsel claim, based solely on his attorney's failure to object to a portion of that charge, is without merit (*see People v Smith*, 135 AD3d at 971; *People v Muirhead*, 110 AD3d at 835).

The defendant's contention that he was improperly adjudicated a persistent violent felony offender is also unpreserved for appellate review because he did not contend during the sentencing hearing that his prior conviction for criminal possession of a weapon in the third degree pursuant to former Penal Law § 265.02 (4) was not a predicate violent felony conviction (*see People v Moshier*, 110 AD3d 832, 833 [2013]; *People v Delston*, 30 AD3d 536 [2006]). In any event, the Supreme Court properly adjudicated the defendant a persistent violent felony offender (*see* Penal Law § 70.08). The defendant's prior conviction of criminal possession of a weapon in the third degree pursuant to former Penal Law § 265.02 (4), which was recodified in 2006 as the crime of criminal possession of a weapon in he second degree (*see* Penal Law § 265.03 [3]), was properly considered a predicate violent felony conviction (*see People v Smith*, 27 NY3d 652, 670 [2016]; *People v Olivier*, 134 AD3d 479 [2015]; *People v Thomas*, 122 AD3d 489 [2014]; *People v Bowens*, 120 AD3d 1148, 1149 [2014]). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.