People v Foster-Bey (2018 NY Slip Op 00845)





People v Foster-Bey


2018 NY Slip Op 00845


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2013-10798
 (Ind. No. 9239/10)

[*1]The People of the State of New York, respondent,
v
Elijah Foster-Bey, appellant.


Paul Skip Laisure, New York, NY (Barry Stendig and Dina Zloczower of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joel M. Goldberg, J.), rendered November 20, 2013, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in denying the defendant's motion to exclude, or, alternatively, to conduct a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]) to determine the admissibility of, expert testimony relating to low copy number (LCN) DNA testing and the forensic statistical tool (FST). "A court need not hold a Frye hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (People v LeGrand, 8 NY3d 449, 458). When the Supreme Court made its ruling in this case, a court of coordinate jurisdiction, upon conducting an extensive Frye hearing, had determined that LCN DNA testing was not a novel scientific technique, and that, when properly performed, it is generally accepted as reliable in the forensic scientific community (see People v Megnath, 27 Misc 3d 405, 413 [Sup Ct, Queens County]; see also People v Gonzalez, 155 AD3d 507; People v Garcia, 39 Misc 3d 482 [Sup Ct, Bronx County]). The Supreme Court providently exercised its discretion in relying upon that determination, as well as the determinations of other courts of coordinate jurisdiction accepting that LCN DNA testing and the FST are not novel and are generally accepted by the relevant scientific community (see People v Garcia, 39 Misc 3d at 490; People v Megnath, 27 Misc 3d at 413).
The defendant's contention that the introduction of DNA evidence violated his Sixth Amendment right to confront witnesses against him (see Crawford v Washington, 541 US 36) is unpreserved for appellate review (see People v Bones, 17 AD3d 689, 690), and we decline to review it in the exercise of our interest of justice jurisdiction.
The defendant's contention that the Supreme Court's Allen charge (see Allen v United States, 164 US 492) was coercive is unpreserved for appellate review, as defense counsel neither requested a specific charge nor objected to the charge as given by the court (see CPL 470.05[2]; [*2]People v Drummond, 143 AD3d 836; People v Coad, 60 AD3d 963, 964). We decline to review this contention in the exercise of our interest of justice jurisdiction.
The defendant's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court