People v Alman (2020 NY Slip Op 01628)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Alman

2020 NY Slip Op 01628

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-11520
(Ind. No. 205/15)

[*1]The People of the State of New York, respondent,
vCurtis Alman, appellant.

Warren S. Landau, Cedarhurst, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Kevin C. King of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Meryl J. Berkowitz, J.), rendered September 23, 2016, convicting him of criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the evidence was legally insufficient to support his conviction because the prosecution failed to prove his identity as the perpetrator of the crime of which he was convicted. The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, since the circumstantial evidence established a prima facie case as to the defendant's identity as the perpetrator of the crime (see People v Drummond, 143 AD3d 836, 837). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant argues that a new trial is required because an eyewitness falsely testified that she had identified the defendant to police from a photograph. Any prejudice to the defendant was ameliorated by the trial court's timely instruction to the jury to disregard this portion of the eyewitness's testimony (see People v Berg, 59 NY2d 294, 299-300). In addition, the record reveals that defense counsel was given great latitude by the court to effectively use this material during both his vigorous cross examination of the witnesses and his summation (see People v Johnson, 139 AD3d 967, 976, affd 31 NY3d 942; People v Heppard, 121 AD2d 466, 467).
The defendant contends that the complainant's testimony about a statement made by the complainant's girlfriend was impermissible hearsay. This contention is without merit. The [*2]testimony was not admitted for the truth of the statement's content, but to evidence the fact that the statement was made in order to complete the narrative and explain the complainant's behavior (see People v Felder, 37 NY2d 779, 780-781; People v Dorcinvil, 122 AD3d 874, 876; People v Reynolds, 46 AD3d 845). Moreover, the trial court did not violate the defendant's right to confront a witness by permitting such testimony at trial (see People v Ewell, 12 AD3d 616, 616-617), and the defendant was not entitled to a missing witness charge with regard to the complainant's girlfriend (see People v Savinon, 100 NY2d 192, 200-201).
We also reject the defendant's contention that the trial court violated his right to a public trial by conducting certain proceedings in chambers. The record establishes that the proceedings at issue were distinct from trial proceedings that must be conducted in public (see People v Jordan, 145 AD3d 584, 585; People v Olivero, 289 AD2d 1082; see also Richmond Newspapers, Inc. v Virginia, 448 US 555, 598 n 23).
The defendant's contention that the trial court's Allen charge (see Allen v United States, 164 US 492) was coercive is unpreserved for appellate review, since defense counsel did not object to the instructions given by the court (see CPL 470.05[2]; People v Coad, 60 AD3d 963, 964). In any event, the court's Allen charge was not coercive (see People v Applewhite, 50 AD3d 1046, 1047) and, on the whole, was balanced and neutral in tone and directed at the jurors in general (see People v Pagan, 45 NY2d 725, 727; People v Coad, 60 AD3d at 965; People v Gonzales, 281 AD2d 432).
The defendant's contention that a mode of proceedings error occurred because the trial court did not comply precisely with CPL 310.30 in accordance with the requirements of People v O'Rama (78 NY2d 270) in response to jury notes is also without merit. The defendant and defense counsel were clearly afforded meaningful notice of the jury's requests prior to the time the court gave the jury any information or instruction (see People v Santi, 3 NY3d 234, 249; People v Lykes, 81 NY2d 767, 770). The court's requests for clarification as to what the jury wanted were appropriate, and "[d]efense counsel had an opportunity to participate after the clarification was received from the jury and before the court gave the reinstruction as to the legal definitions of the crimes charged" (People v Lykes, 81 NY2d at 770).
The defendant's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court