People v Foster-Bey (2025 NY Slip Op 03342)

People v Foster-Bey

2025 NY Slip Op 03342

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.

2013-10798
 (Ind. No. 9239/10)

[*1]The People of the State of New York, respondent,
v
Elijah Foster-Bey, appellant.

Brooklyn Defender Services, Brooklyn, NY (Lisa Schreibersdorf and Aminie Woolworth of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.

DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 7, 2018 (see People v Foster-Bey, 158 AD3d 641), affirming a judgment of the Supreme Court, Kings County (Joel M. Goldberg, J.), rendered November 20, 2013. Presiding Justice LaSalle and Justice Duffy have been substituted for former Justices Mastro and Leventhal (see 22 NYCRR 1250.1[b]).
ORDERED that the application is granted, and the decision and order of this Court dated February 7, 2018, is vacated; and it is further,
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The Supreme Court providently exercised its discretion in denying the defendant's motion to exclude, or, alternatively, to conduct a hearing pursuant to Frye v United States (293 F 1013 [DC Cir]) to determine the admissibility of expert testimony relating to low copy number (hereinafter LCN) DNA testing and the forensic statistical tool (hereinafter FST). "A court need not hold a Frye hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony" (People v LeGrand, 8 NY3d 449, 458). When the Supreme Court made its ruling in this case, a court of coordinate jurisdiction, upon conducting an extensive Frye hearing, had determined that LCN DNA testing was not a novel scientific technique, and that, when properly performed, it is generally accepted as reliable in the forensic scientific community (see People v Megnath, 27 Misc 3d 405, 413 [Sup Ct, Queens County]; see also People v Gonzalez, 155 AD3d 507; People v Garcia, 39 Misc 3d 482 [Sup Ct, Bronx County]). The Supreme Court providently exercised its discretion in relying upon that determination, as well as the determinations of other courts of coordinate jurisdiction accepting that LCN DNA testing and the FST are not novel and are generally accepted by the relevant scientific community (see People v Garcia, 39 Misc 3d at 490; People v Megnath, 27 Misc 3d at 413).
The defendant's contention that the introduction of DNA evidence violated his Sixth Amendment right to confront witnesses against him (see Crawford v Washington, 541 US 36) is [*2]unpreserved for appellate review (see People v Bones, 17 AD3d 689, 690), and we decline to review it in the exercise of our interest of justice jurisdiction.
The defendant's contention that the Supreme Court's Allen charge (see Allen v United States, 164 US 492) was coercive is unpreserved for appellate review as defense counsel neither requested a specific charge nor objected to the charge as given by the court (see CPL 470.05[2]; People v Drummond, 143 AD3d 836; People v Coad, 60 AD3d 963, 964). We decline to review this contention in the exercise of our interest of justice jurisdiction.
Under the circumstances presented here, we grant the defendant's application for a writ of error coram nobis based on former appellate counsel's failure to contend on appeal that the Supreme Court failed to determine whether the defendant should be afforded youthful offender status. CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). The court was required to determine on the record, with respect to the convictions of assault in the first degree and criminal possession of a weapon in the second degree, each of which constituted an armed felony (see CPL 1.20[41]; Penal Law §§ 70.02[1][a], [b]; 120.10[1]; 265.03[1][b]), whether the defendant was an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10(3) and, if so, whether he should be afforded youthful offender status (see People v Johnson, 193 AD3d 1076; People v St. Hill, 193 AD3d 987; People v Battle, 187 AD3d 1203). As the People correctly concede, the record does not demonstrate that the court made that determination. Accordingly, we vacate the defendant's sentence and remit the matter to the Supreme Court, Kings County, for resentencing after making these determinations. We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
The defendant's remaining contentions are without merit.
LASALLE, P.J., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court